1    **Jennifer B. Zargarof, SBN 204382**
     **jzargarof@sidley.com**
2    **Francis S. Lam, SBN 279076**
     **flam@sidley.com**
3    **SIDLEY AUSTIN LLP**
     **555 West Fifth Street, Suite 4000**
4    **Los Angeles, California  90013**
     **Telephone:  (213) 896-6000**
5    **Facsimile:  (213) 896-6600**

6    **Attorneys for Defendant**
     **SAKS & COMPANY**

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10   ILIA DERUM, on behalf of herself and all      )   Case No.   **'14CV1921 JM   JLB**
     others similarly situated,                    )
11                                                  )
                        Plaintiff,                  )   **DEFENDANT SAKS & COMPANY'S**
12                                                  )   **NOTICE OF REMOVAL OF STATE**
     vs.                                            )   **COURT CLASS ACTION**
13                                                  )
     SAKS & COMPANY, a New York                     )
14   Corporation, and Does 1-20, inclusive,         )
                                                    )
15                      Defendant.                  )
                                                    )
16

17

18

19

20

21

22

23

24

25

26

27

28

1  TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE SOUTHERN

2  DISTRICT OF CALIFORNIA,

3  PLEASE TAKE NOTICE that Defendant Saks & Company ("Defendant"),

4  contemporaneously with the filing of this Notice, hereby effects removal of the below referenced

5  action from the Superior Court in the State of California for the County of San Diego to the United

6  States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(d) (the

7  Class Action Fairness Act), 1441(b), and 1446(b).  In support of this Notice, Defendant states as

8  follows:

9  **I.      COMPLAINT.**

10  On or around July 16, 2014, Plaintiff Ilia Derum, on behalf of herself and all others similarly

11  situated, commenced an action against Defendant, Case No. 37-2014-00023419-CU-OE-CTL,

12  *Derum, et al. v. Saks & Company*, in the Superior Court for the County of San Diego.  In her

13  Complaint, Plaintiff alleged a claim for Failure to Provide Proper Wage Statements in Violation of

14  California Labor Code §226.  *See generally* Complaint ("Compl.") attached as Exhibit 3 to the

15  Declaration of Francis S. Lam ("Lam Decl.") filed concurrently herewith.

16  In addition to bringing this action on her own behalf, Plaintiff purports to represent the

17  following proposed class of persons (the "Class"):

18  "All persons employed in California by Saks & Company at any time since July 14, 2013."

19  Compl. at ¶ 8.

20  **II.     PAPERS SERVED TO DATE.**

21  On July 16, 2014, Defendant received service of process of the Summons and Complaint,

22  along with other related court documents.  Lam Decl. at ¶ 3.  Attached to the Lam Decl. are the

23  Summons (Exhibit 1); Civil Case Cover Sheet (Exhibit 2); Complaint (Exhibit 3); Notice of Case

24  Management Conference (Exhibit 4); and General Order of the Presiding Judge (Exhibit 5), which

25  constitute all process, pleadings, and orders served on Defendant to date.  On August 14, 2014,

26  Defendant filed an Answer to the Complaint, which is attached as Exhibit 6 to the Lam Decl.

27  Exhibits 1 through 6 of the Lam Decl. constitute all process, pleadings, and orders served on and/or

28  by Defendant.  Lam Decl. at ¶ 4.

III.   **BASIS FOR REMOVAL.**

A defendant filing a notice of removal need only plead a short and plain statement of its grounds for removal. See Janis v. Health Net, Inc., 472 Fed. Appx. 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. §1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. [It] requires merely a 'short and plain statement of the grounds for removal.'"). Here, the Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA" or the "Act"). CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which…any member of a class of plaintiffs is a citizen of a State different from any defendant," and the number of members of the proposed plaintiff class(es), in the aggregate, exceeds 100. 28 U.S.C. §§ 1332(d)(2)(A) and (d)(5). As set forth below, the foregoing criteria are met for purposes of this action.

A.   **CLASS ACTION.**

This action is a class action within the meaning of CAFA. 28 U.S.C. § 1332(d)(1)(B) (defining class action to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action."). Here, because Plaintiff "brings this action on her own behalf and on behalf of all others similarly situated" under California law, this criteria of CAFA is satisfied. Compl. at ¶ 8.

B.   **NUMBER OF CLASS MEMBERS.**

Based on the allegations in Plaintiff's Complaint and Defendant's payroll records, the number of putative class members in this matter exceeds 150 individuals. Plaintiff seeks to represent herself and "all persons employed in California by Saks & Company at any time since July 14, 2013." Since July 14, 2013, Defendant has employed a minimum of 1,976 non-exempt, hourly paid employees in the state of California. See Declaration of Alison Rose in Support of Defendant's Notice of Removal ("Rose Decl.") at ¶ 4. Thus, the total number of members of Plaintiff's alleged class well exceeds 150.

## C.   <u>AMOUNT-IN-CONTROVERSY.</u>

Based on Plaintiff's allegations and Defendant's independent investigation, the aggregate amount-in -controversy in this case exceeds $5,000,000, exclusive of interest and costs.  Plaintiff alleges, without limitation, that "[Defendant's] wage statements did not include the period beginning date, thereby making it difficult for employees to determine whether they have been paid all wages owed." Compl. at ¶ 1. From this, Plaintiff concludes that Defendant "knowingly and intentionally failed to furnish, and continues to knowingly and intentionally fail to furnish proper wage statements to [Plaintiff] and the Class as required by California Labor Code §226." Compl. at ¶18.  Plaintiff further alleges that a "key common question is whether [Defendant] violated California law by furnishing wage statements that did not include the inclusive dates of the period for which the employees are paid." Compl. at ¶ 12.  Finally, Plaintiff also alleges that her "claims are typical of other class members' claims because she, <u>like every other class member</u>, was exposed to virtually identical conduct." Compl. at ¶ 13 (emphasis added).  Accordingly, Plaintiff's claim against Defendant is based on her allegation that Defendant uniformly failed to include the inclusive dates of pay periods for its employees on employees' wage statements such that every wage statement that Defendant provided to putative class members since July 13, 2014 are at issue.

Defendant provided its expert with its payroll records that identified, among other things, the names, addresses, and wage earnings of all of its California, non-exempt, hourly employees between July 14, 2013 and June 1, 2014.  Defendant's expert then ascertained the number of non-exempt, hourly employees who, between July 15, 2013 and June 1, 2014 had been paid some amount of earnings by Defendant, and were thus eligible for and entitled to a wage statement.  Rose Decl. at ¶ 4.  That number was 1,976 employees.  Rose Decl. at ¶ 4.

Labor Code § 226 requires that employees be furnished an accurate wage statement every pay period.  <u>See</u> Cal. Lab Code § 226.  Because Defendant's employees are paid weekly, Defendant's pay periods are weekly.  Based on Plaintiff's theory that Defendant failed to provide wage statements that contained the inclusive dates of the corresponding pay period, Plaintiff has placed at issue every single wage statement that were supposed to be provided to putative class

members during the class period.[1]  Accordingly, for each employee, Defendant's expert obtained the number of pay periods that each had been paid earnings (and were thus entitled to an accurate wage statement under Labor Code § 226) between July 15, 2013 and June 1, 2014.  Rose Decl. at ¶ 4. Defendant's expert then calculated the amount-in-controversy for each of those employees' Labor Code § 226 claim by the lesser of $4000 or the product of $50 per the initial pay period during which an employee was entitled to an accurate wage statement, and $100 per each pay period after that for which an employee was entitled to an accurate wage statement.[2]  Rose Decl. at ¶ 4, Ex. 1.  When added together, the amount-in-controversy for Plaintiff's Labor Code § 226 claim for each of Defendant's California non-exempt, hourly employees who were eligible to receive an accurate wage statement between July 15, 2013 and June 1, 2014 is $5,071,400.  This amount alone satisfies the CAFA's $5 million amount-in-controversy requirement.[3]

## D.    CITIZENSHIP OF PARTIES.

CAFA requires minimal diversity, meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Here, this requirement is satisfied because there is diversity of citizenship between Plaintiff, on the one hand, and Defendant on the other.

---

[1] If Plaintiff's theory of relief and allegations are correct—which they are not—Defendant would be in violation of Labor Code § 226 every pay period that an employee was entitled to a wage statement.  If Defendant provided the employee with a wage statement, Plaintiff alleges that the wage statement was wrong because Defendant did not list the inclusive dates of the pay period.  To the extent Defendant did not provide a wage statement at all when an employee was entitled to one, Defendant would still be in violation of Labor Code § 226.

[2] Defendant argues that an employee is not entitled to penalties under the Labor Code § 226 for "subsequent violations" unless there has first been a finding by a court that the employer failed to furnish an accurate wage statement to that employee and the employer then subsequently fails to furnish an accurate wage statement again.  Nevertheless, Defendant understands that Plaintiff believes that the first violation occurs when the employer fails to provide an accurate wage statement, and that each subsequent violation simply refers to all pay periods after that first pay period wherein the employer fails to provide an accurate wage statement, regardless of whether there has been a finding of violation by the court.  Accordingly, this was the methodology applied by Defendant's expert in calculating the amount-in-controversy.  Rose Decl. at fn. 2.
[3] The actual amount-in-controversy is likely substantially greater.  As an initial matter, Defendant has excluded from the amount-in-controversy calculations all California non-exempt, hourly employees who were eligible for a wage statement after June 1, 2014.  Second, Defendant has not included in its amount-in-controversy calculation its California exempt employees who are also encompassed by Plaintiff's class definition.   Moreover, Defendant has not included possible attorneys' fees in its amount-in-controversy calculations.

Defendant is a corporation organized under the laws of New York with its principal place of business in New York, New York. Declaration of Meredith Fogel ("Fogel Decl.") at ¶ 4. Its corporate headquarters is also in New York, New York. *Id.* at ¶ 5. Defendant's corporate decisions are made in New York, New York, including its operational, executive, administrative, and policymaking decisions. *Id.* at ¶ 5. The majority of Defendant's executive officers conduct their business in New York, New York. *Id.* at ¶ 6. The administrative functions crucial to Defendant's day-to-day operations are conducted in New York, New York. *Id.* at ¶ 7. The respective officers for these departments work in New York, New York, and are responsible for developing policies and protocols for Defendant's nationwide operations. *Id.* at ¶ 7. Accordingly, Defendant is a citizen of the state of New York.

Plaintiff is a resident and citizen of California. Compl. at ¶ 4. Thus, Plaintiff and Defendant are citizens of different states, and minimal diversity is satisfied.

**E.     MANDATORY JURISDICTION.**

The exercise of jurisdiction under CAFA is mandatory where, as here, *any* primary defendant "is not a "citizen[] of the State in which the action was originally filed ..." 28 U.S.C. § 1332(d)(3)-(4); *Villalpando v. Exel Direct Inc.*, 2012 US Dist LEXIS 160631,*28 (Nov. 8, 2012) (for discretionary exception to apply, all primary defendants must be citizens of the state in which the action as filed); *Kearns v. Ford Motor Co.*, 2005 US Dist LEXIS 41614, *7-8 (C.D. Cal Nov 21, 2005) (same). Defendant is a primary defendant, and is out of state. Accordingly, jurisdiction is mandatory.

Moreover, this action does not (i) concern "a covered security as defined under 16(f)(3) of the Securities Act of 1993 (15 U.S.C. 78p(f)(3)) and section 28 (f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E))," (ii) relate "to the internal affairs or governance of a corporation or other form of business enterprise," or (iii) relate to the "rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security... ." 28 U.S.C. § 1332(d)(9)(A)-(C).

IV.   **REMOVAL IS TIMELY.**

A notice of removal may be filed within 30 days after the defendant receives the initial pleading, motion, or other paper from which it may be ascertained that the case is removable.  28 U.S.C. § 1446(b).  The United States Supreme Court has held that the 30-day period prescribed in section 1446(b) runs from the date of formal service of the complaint.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355-56 (1999).  Here, Defendant was served on July 16, 2014.  This notice of removal is thus timely, as the 30-day period for removal does not expire until after August 15, 2014.

V.   **REMOVAL TO PROPER COURT.**

This Court is part of the "district and division embracing the place where" the State Court Action was filed – San Diego County, California.  28 U.S.C. § 1446(a).

VI.   **PLEADINGS AND PROCESS.**

Pursuant to 28 U.S.C. § 1446(a), attached to the Lam Decl. as Exhibits 1 through 6 are copies of "all process, pleadings, and orders served upon" and by Defendant.

VII.   **NOTICE TO PARTIES AND TO THE STATE COURT.**

Pursuant to 28 U.S.C. § 1446(d), in addition to serving this Notice of Removal on Plaintiff, Defendant is filing in the Superior Court for the County of San Diego and serving upon Plaintiff a separate document entitled "Notice of Filing of Notice of Removal to Federal Court."

Defendant respectfully removes this action, now pending in the Superior Court of the State of California for the County of San Diego, to the United States District Court for the Southern District of California.

Dated: August 15, 2014

SIDLEY AUSTIN LLP


By: /*Francis S. Lam*
      Jennifer B. Zargarof, SBN 204382
      jzargarof@sidley.com
      Francis S. Lam, SBN 279076
      flam@sidley.com
      Attorneys for Defendant
      SAKS & COMPANY