# Exhibit 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SAKS & COMPANY, a New York corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ILIA DERUM, on behalf of herself and all others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/15/2014** at 08:00:00 AM

Clerk of the Superior Court
By Calvin Beutler,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 37-2014-00023419-CU-OE-CTL |

San Diego Superior Court, Hall of Justice
330 West Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alisa A. Martin, AMartin Law, PC, 600 West Broadway, Suite 700, San Diego, CA 92101

DATE: July 14, 2014  07/16/2014          Clerk, by _____ C. Beutler _____, Deputy
*(Fecha)*                                *(Secretario)*  C. Beutler      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Saks & Company

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# Exhibit 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Alisa A. Martin, AMartin Law, PC<br>224037<br>600 West Broadway, Suite 700<br>San Diego, CA 92101<br>TELEPHONE NO: 619 308 6880     FAX NO: 619 308 6881<br>ATTORNEY FOR (Name): Plaintiff Ilia Derum | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**07/15/2014** at 08:00:00 AM<br>Clerk of the Superior Court<br>By Calvin Beutler, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

| CASE NAME:<br>Ilia Derum v. Saks & Company | |
|---|---|
| **CIVIL CASE COVER SHEET**    Complex Case Designation | CASE NUMBER:<br>37-2014-00023419-CU-OE-CTL |
| ☑ Unlimited  ☐ Limited    ☐ Counter  ☐ Joinder<br>(Amount    (Amount<br>demanded    demanded is    Filed with first appearance by defendant<br>exceeds $25,000)  $25,000 or less)    (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Katherine Bacal<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 1
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 14, 2014

Alisa A. Martin
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 330 West Broadway <br> MAILING ADDRESS: 330 West Broadway <br> CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 <br> BRANCH NAME: Central | |

| PLAINTIFF(S): Ilia Derum |
|---|
| DEFENDANT(S): Saks & Company |
| SHORT TITLE: ILIA DERUM VS. SAKS & COMPANY [E-FILE] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br> 37-2014-00023419-CU-OE-CTL |
|---|---|

Judge: Katherine Bacal                                   Department: C-69

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                 ☐ Non-binding private arbitration

☐ Mediation (private)                         ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                 Date: _____

_____                 _____
Name of Plaintiff                                 Name of Defendant

_____                 _____
Signature                                         Signature

_____                 _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____                 _____
Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 07/16/2014                                 _____
                                                  JUDGE OF THE SUPERIOR COURT

# Exhibit 3

Alisa A. Martin, State Bar No. 224037
AMARTIN LAW
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 308-6880
Facsimile: (619) 308-6881

*Attorneys for Plaintiff and the Class*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/15/2014** at 08:00:00 AM

Clerk of the Superior Court
By Calvin Beutler,Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN DIEGO

### CENTRAL DIVISION

| | |
|---|---|
| ILIA DERUM, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>SAKS & COMPANY, a New York corporation, and DOES 1- 20, inclusive,<br><br>        Defendants. | Case No. 37-2014-00023419-CU-OE-CTL<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR:<br><br>1. FAILURE TO PROVIDE PROPER WAGE STATEMENTS<br><br>[DEMAND FOR JURY TRIAL]<br><br>[E-FILED] |

## I.    NATURE OF ACTION

**1.**    Based on personal knowledge, information and belief, plaintiff Ilia Derum ("Derum") brings this putative class action against her current employer, Saks & Company ("Saks"), for failing to provide proper wage statements.  Specifically, Labor Code § 226 requires all wage statements to include "the inclusive dates of the period for which the employee is paid." Saks' wage statements did not include the period beginning date, thereby making it difficult for employees to determine whether they have been paid all wages owed.

## II.    JURISDICTION AND VENUE

**2.**    **Jurisdiction:**  The San Diego Superior Court has jurisdiction over the asserted claims under the California Labor Code, as well as for injunctive relief and restitution of wages and ill-gotten benefits arising from Saks' unlawful business practices under Business & Professions Code §§ 17203 and 17204, because: (1) Derum's individual claims do not exceed the jurisdictional limit of $75,000; (2) the classes' claims as a whole do not exceed the jurisdictional limit of $5,000,000; and (3) no federal claims or questions are being disputed, precluding federal jurisdiction. Thus, Saks is within this Court's jurisdiction.

**3.**    **Venue:**  Venue is proper under Code of Civil Procedure § 395(a) because Saks operates in San Diego County, and employed, and continues to employ numerous putative class members in San Diego County during the class periods.

## III.    PARTIES

**4.**    **Plaintiff:**  Derum resides in San Diego County, California.  Derum currently works at Saks as a sales associate.  Saks provided Derum with wage statements that did not include the period beginning date for which Derum was paid.

**5.**    **Defendant:**  Saks is a New York corporation with its headquarters in New York. Saks is a luxury department store chain.

**6.**    **DOE Defendants:** Derum is ignorant about defendants' true names sued as DOES 1 through 20, inclusive, and their wrongful conduct, and therefore sues these defendants by fictitious names.  Derum will seek Court leave to amend this complaint to allege their true names and capacities when ascertained.  Derum alleges on information and belief that at all relevant times, DOES 1-20,

1

COMPLAINT

1   inclusive, were agents, servants, employees, representatives, partners, and related or affiliated entities of

2   Saks, and in doing the things hereinafter mentioned, were acting in the course and scope of their agency,

3   employment, or retention with defendants' permission, consent, authority and ratification.

4         **7.**      **Defendants' Aiding and Abetting, Agency, Joint, and Alter Ego Relationship:** Derum

5   alleges on information and belief that the named and DOE defendants were: (1) acting as express agents,

6   implied agents, ostensible agents, servants, partners, and/or employees of each other; (2) acting within

7   the scope of and pursuant to such agency and employment, and with the full knowledge, consent,

8   permission, approval and ratification, either express or implied, of each of the other defendants and

9   benefited from the actions of every other defendant, thereby adopting such conduct and actions as their

10  own; (3) acting as each other's alter egos; and (4) aiding and abetting and offering substantial assistance

11  to each other in the commission of the alleged wrongful acts.

12  **IV.**     **CLASS ALLEGATIONS**

13        **8.**      **Class:** All persons employed in California by Saks & Company at any time since July 14,

14  2013.

15        **9.**      **Excluded from the Class:** Excluded from the class are Saks, its corporate parents,

16  subsidiaries and affiliates, officers and directors, any entity in which Saks has a controlling interest, and

17  the legal representatives, successors, or assigns of any such excluded persons or entities, and Derum's

18  attorneys. Also excluded are any judges presiding over these proceedings and their immediate family.

19        **10.**     **Numerosity:** The class members are so numerous that joinder of all members is

20  impracticable. While the exact numbers are unknown to Derum at this time, Derum is informed and

21  believes that the classes consist of a hundred or more individuals. Members are readily ascertainable

22  through appropriate discovery from records maintained by Saks and its agents.

23        **11.**     **Superiority:** The nature of this action and the laws available to Derum and the class make

24  the use of the class action format a particularly efficient and appropriate procedure to afford relief to

25  Derum and the class for the wrongs alleged because:

26            **a.**      The individual amounts of damages involved, while not insubstantial, are such that

27                  individual actions or other individual remedies are impracticable and litigating

28                  individual actions would be too costly;

**b.** This case involves a sole employer and a large number of individual employees with many relatively small claims with common issues of law and fact;

**c.** If each class member were required to file an individual lawsuit, Saks would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual class member with their vastly superior financial and legal resources;

**d.** The costs of individual suits could unreasonably consume the amounts that would be recovered;

**e.** Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their immediate and/or future employment;

**f.** Proof of a common business practice or factual pattern that Derum experienced is representative of the class' experiences and will establish the right of each member to recover on the alleged claims; and

**g.** Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

**12.** **Common Questions of Law and Fact Predominate**: Questions of law and fact common to the class predominate over questions affecting only individuals. A key common question is whether Saks violated California law by furnishing wage statements that did not include the inclusive dates of the period for which the employees are paid.

**13.** **Typicality**: Derum's claims are typical of other class members' claims because she, like every other class member, was exposed to virtually identical conduct.

**14.** **Adequacy**: Derum can fairly and adequately represent everyone's interests; she has no conflicts of interest with anyone and retained counsel competent and experienced in class actions and complex civil litigation.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Provide Accurate Wage Statements**
**By Class A Against Saks**

**15.**   Derum incorporates every preceding paragraph as if fully set forth herein.

**16.**   California Labor Code § 226(a) requires employers to provide employees, semi-monthly or at the time of each payment of wages, with wage statements that show "the inclusive dates of the period for which the employee is paid."

**17.**   California Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide such statement, the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

**18.**   Saks knowingly and intentionally failed to furnish, and continues to knowingly and intentionally fail to furnish proper wage statements to Derum and Class as required by California Labor Code § 226(a). As a result, Saks is liable to Derum and the Class for the amounts provided by California Labor Code § 226 in addition to attorney's fees, interest and costs of suit.

## VI.   PRAYER FOR RELIEF

**19.**   Derum and the class prays for judgment against Saks as follows:

    **a.**   An order certifying the class and designating Derum as the Class representative and her counsel as Class counsel;

    **b.**   That the Court preliminarily and permanently enjoin Saks from engaging in the conduct alleged herein;

    **c.**   Other injunctive and declaratory relief as may be appropriate;

    **d.**   Restitution and disgorgement of any ill-gotten profits from Saks to the extent permitted by applicable law, together with interest thereon from the date of payment;

    **e.**   For statutory damages according to proof;

    **f.**   For general damages to the extent permitted by applicable law and according to proof;

g.   A declaration that Saks is financially responsible for notifying the class about the pendency of this action;

h.   Reasonable costs and attorneys' fees;

i.   Statutory pre-judgment interest; and

j.   For such other relief as the Court may deem proper.

**VII.   DEMAND FOR JURY TRIAL**

20.   Derum, on behalf of herself and the class, demands a jury trial for all triable claims.

Dated: July 14, 2014                              AMARTIN LAW, PC


By: _____
         Alisa A. Martin
         Attorneys for the Plaintiff and the Clas

# Exhibit 4

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:       330 W Broadway
MAILING ADDRESS:      330 W Broadway
CITY AND ZIP CODE:    San Diego, CA 92101-3827
BRANCH NAME:          Central
TELEPHONE NUMBER: (619) 450-7069

PLAINTIFF(S) / PETITIONER(S):   Ilia Derum

DEFENDANT(S) / RESPONDENT(S):  Saks & Company

ILIA DERUM VS. SAKS & COMPANY [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2014-00023419-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Katherine Bacal                            Department: C-69

**COMPLAINT/PETITION FILED: 07/15/2014**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/23/2015 | 09:30 am | C-69 | Katherine Bacal |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 051414 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**NOTICE OF CASE ASSIGNMENT**

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT – CENTRAL CIVIL DIVISION

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronic Filing.*

Effective November 1, 2013, documents that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. **010214-24A**, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE eFILING

**Effective March 4, 2013**, documents **may be filed electronically** in non-mandated civil cases in the Central Division where either:  (1) the case is first initiated on or after March 4, 2013; or (2)  the case is already pending as of March 4, 2013 <u>and</u> has been imaged by the court. **Effective June 30, 2014**, documents **may be filed electronically** in non-mandated civil cases in the North County Division where either: (1) the case is first initiated on or after June 30, 2014; or (2)  the case is already pending as of June 29, 2014 <u>and</u> has been imaged by the court.

**Page 1 of 7**

**Revised June 27, 2014**

**MANDATORY eFILING**

The case types that shall be subject to mandatory eFiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400-3.403 (as set forth in the Civil Cover Sheet, Judicial Council form CM-010 – including Construction Defect actions). "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types.

Effective **June 2, 2014** Construction Defect and other cases, currently being electronically filed through File&Serve Xpress (fka LexisNexis File&Serve), must be electronically filed through the court's Electronic Filing Service Provider, One Legal. Documents electronically filed in Construction Defect and other cases prior to **June 2, 2014** will be maintained in the File&Serve Xpress system and can be viewed via a File&Serve Xpress subscription or on the Public Access Terminal (PAT) located in Room 241 of the Hall of Justice (2nd floor).

For cases of the type subject to mandatory EFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below. All documents electronically filed in a mandatory EFile Construction Defect/JCCP case must be electronically served on all parties in the case pursuant to CRC 2.251(c)

The court will maintain and make available an official electronic service list in Construction Defect/JCCP cases through One Legal. This is the service list that the court will use to serve documents on the parties. (See CRC 2.251(d).) It is the responsibility of the parties to provide One Legal their correct contact information for the service list in each e-filed case in which they are involved no later than July

7th, 2014. New parties who enter a case must provide One Legal with their electronic service address for that case within 7 days of joining the case. All parties must notify One Legal of any changes to that address, within 7 days of the change, should a change occur during the pendency of the action. (See CRC 2.251(f)(1).) Failure to keep the official list updated may result in the court being unable to provide notice to a non-complying party of upcoming hearings, orders, and other proceedings.

For cases of the type subject to mandatory EFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing and/or service requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned. The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to EFile or electronically serve documents in a mandatory EFile case; however, they may EFile and electronically serve documents if they choose to do so and/or are otherwise ordered to EFile and/or electronically serve documents by the court.

## REQUIREMENTS FOR ALL eFILERS

EFile documents can only be filed through the court's Electronic Filing Service Provider (the "Provider"). See www.onelegal.com.

EFilers must comply with CRC 2.250-2.261. Also, all documents electronically filed must be in a text searchable format, i.e., OCR. The court is unable to accept

**Revised June 27, 2014**

documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

Efilers are required to enter all parties listed on the document being filed, if the party is not already a part of the case. (If the filer is submitting a new complaint, ALL parties must be entered.) If all parties are not entered, the transaction will be rejected.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents not so bookmarked are subject to rejection. Moving papers with exhibits that are not bookmarked will be rejected. (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID# noted in the upper right hand corner.

All documents must be uploaded as individual documents within the same transaction, unless filing a Motion. [Example: A Request to Waive Court Fees must be uploaded separately from the document to which it applies, i.e., complaint, answer or other responsive pleading, motion, etc...] If filing a notice of motion, all documents can be scanned and uploaded as one document under a filing that most closely captures the type of motion. All filings and exhibits within these filings must be bookmarked

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social

**Revised June 27, 2014**

security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document applies. See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Electronically filed documents must be correctly named and/or categorized by Document Type. The lead document must also be designated appropriately, as the lead document determines how the transaction will be prioritized in the work queue. Failure to correctly name the document and/or designate the lead document appropriately may result in a detrimental delay in processing of the transaction.

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department. A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court. Transaction ID

**Revised June 27, 2014**

numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

**DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING** The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

- Safe at Home Name Change Petitions
- Civil Harassment TRO/RO
- Workplace Violence TRO/RO
- Elder Abuse TRO/RO
- Transitional Housing Program Misconduct TRO/RO
- School Violence Prevention TRO/RO
- Out-of-State Commission Subpoena
- Undertaking/Surety Bonds
- Request for Payment of Trust Funds
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal
- Interpleader actions pursuant to CC2924j

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC

Revised June 27, 2014

2.551 (although the motion to file under seal itself must be electronically filed)

- Exhibits to declarations that are real objects, i.e., construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Revised June 27, 2014

# Exhibit 5

F I L E D
Clerk of the Superior Court

MAY 1 4 2014

By: ELAINE SABLAN, Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

IN RE PROCEDURES REGARDING
ELECTRONIC FILING

GENERAL ORDER OF THE
PRESIDING DEPARTMENT

ORDER NO. 051414

THIS COURT FINDS AND ORDERS AS FOLLOWS:

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and storage, facilitate electronic access to civil court files and, in Phase Two, allow remote electronic filing ("E-File" or "E-Filing") of papers in civil cases.  The ultimate goal of the Program is to create a paperless or electronic file in all civil cases, as well as in other case categories.

Phase One of the Program, described in General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records*, involved the court's scanning of papers in newly filed cases in designated divisions and departments (the "Imaging Project").  Phase Two of the Program involved the implementation of electronic filing by counsel and parties through the court's E-File Service Provider, One Legal. Electronic filing under Phase Two of the Program was limited to the Central Civil Division only and it excluded Probate and

Construction Defect Cases.  Electronic filing under Phase Three of the Program expanded electronic filing to include permissive electronic filing in Probate cases. Electronic Filing under Phase Four of the Program expanded electronic filing to include *mandatory* E-Filing in Construction Defect Cases in the Central Division through the court's E-File Service Provider.  Effective **June 2, 2014**, mandatory electronic filing through the court E-File Service Provider, One Legal, will be required for all Construction Defect Cases, including those currently being filed through File&Serve Xpress (fka LexisNexis File&Serve).  As of **5:01 p.m. on May 30, 2014**, no documents will be allowed to be filed through File&Serve Xpress.

Phase Five of the program expands electronic filing to include permissive E-Filing in Civil cases in the North County Division through the court's E-File Service Provider effective June 30, 2014.  This General Order relates to Phase Five, and supplements General Orders:  *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*  Further information on these initiatives can be found on the court's website at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30.  In addition, the San Diego Superior Court's specific requirements for E-filing are available on the court's website at www.sdcourt.ca.gov.  Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

**GENERAL E-FILING REQUIREMENTS:**

Documents can only be electronically filed through the court's electronic service provider (the "Provider").  E-file Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall

be deemed to have been filed on the next court day.

     Additional and more specific information on electronic filing can be found on the court's website.

     This Order shall expire on December 31, 2014, unless otherwise ordered by this court.

     IT IS SO ORDERED.

Dated: May 14, 2014

DAVID J. DANIELSEN
PRESIDING JUDGE



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2014-00023419-CU-OE-CTL    CASE TITLE:
Ilia Derum vs. Saks & Company [E-FILE]

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
      (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
      (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**<u>Potential Advantages and Disadvantages of ADR</u>**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**<u>Most Common Types of ADR</u>**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at <u>www.sdcourt.ca.gov/adr</u> and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at <u>www.sdcourt.ca.gov/adr</u> or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
  • In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at <u>www.ncrconline.com</u> or (619) 238-2400.
  • In North San Diego County, contact North County Lifeline, Inc. at <u>www.nclifeline.org</u> or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at <u>www.courtinfo.ca.gov/selfhelp/lowcost</u>.