1  **Jennifer B. Zargarof, SBN 204382**
   jzargarof@sidley.com
2  **Francis S. Lam, SBN 279076**
   flam@sidley.com
3  **SIDLEY AUSTIN LLP**
   **555 West Fifth Street, Suite 4000**
4  **Los Angeles, California  90013**
   **Telephone:  (213) 896-6000**
5  **Facsimile:  (213) 896-6600**

6  **Attorneys for Defendant**
   **SAKS & COMPANY**

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  ILIA DERUM, on behalf of herself and    ) Case No. 3:14-cv-01921-JM-JLB
    all others similarly situated,          )
11                                          ) Hon. Jeffrey T. Miller
              Plaintiff,                    )
12                                          ) **DEFENDANT SAKS &**
    vs.                                     ) **COMPANY'S MEMORANDUM OF**
13                                          ) **POINTS AND AUTHORITIES IN**
    SAKS & COMPANY, a New York              ) **SUPPORT OF ITS MOTION FOR**
14  Corporation, and Does 1-20, inclusive,  ) **SUMMARY JUDGMENT ON**
                                            ) **PLAINTIFF ILIA DERUM'S**
15            Defendant.                    ) **COMPLAINT**
                                            )
16                                          ) *Filed concurrently with Defendant's*
                                            ) *Memorandum of Points and Authorities*
17                                          ) *in Support Thereof, Statement of*
                                            ) *Undisputed Material Facts, Request for*
18                                          ) *Judicial Notice, Declaration of Francis*
                                            ) *S. Lam, Declaration of Teresa Lowry,*
19                                          ) *Declaration of Maria Rodriguez, Joint*
                                            ) *Stipulation of Facts*
20                                          )
                                            ) Date:        February 9, 2015
21                                          ) Time:        10:00 a.m.
                                            ) Courtroom:   5D
22                                          )

23

24

25

26

27

28

204708632v.3

# **TABLE OF CONTENTS**

                                                                    **Page**

I.    Introduction ................................................................. 1

II.   Factual Background .......................................................... 2

III.  Procedural Background....................................................... 4

IV.   Legal Argument ............................................................. 5

      A.    Legal standard........................................................ 5

      B.    There is no triable issue of material facts as to Plaintiff's first cause
            of action for violation of Labor Code § 226......................... 5

            1.    Saks is not liable to Plaintiff for violations of Labor Code §
                  226 because Saks provided her with wage statements that
                  did contain pay period beginning dates............................ 5

            2.    Plaintiff cannot recover under Labor Code § 226 because
                  she cannot demonstrate that she suffered any injury. ............... 8

            3.    Plaintiff cannot demonstrate that any failure to include pay
                  period beginning dates in her paystubs was knowing and
                  intentional as required by Labor Code § 226........................ 10

      C.    Plaintiff cannot raise a triable issue of material fact as to whether
            Saks is liable for penalties under the Private Attorneys' General
            Act................................................................ 10

V.    Conclusion ................................................................ 11

1

## <u>TABLE OF AUTHORITIES</u>

2
**Page(s)**

3    CASES

4    <u>Alonzo v. Maximus, Inc.</u>,
5        832 F. Supp. 2d 1122 (C.D. Cal. 2011) ................................................ 9

6    <u>Anderson v. Liberty Lobby, Inc.</u>,
7        477 U.S. 242 (1986)........................................................................... 5

8    <u>Apodaca v. Costco Wholesale Corp.</u>,
        No. CV12-5664 DSF (Ex), 2014 WL 2533427 (C.D. Cal. Jun. 5, 2014)............ 6
9

10   <u>Celotex Corp. v. Catrett</u>,
        477 U.S. 317 (1986).......................................................................... 5
11

12   <u>Gunawan v. Howroyd-Wright Employment Agency</u>,
        997 F. Supp. 2d 1058 (C.D. Cal. 2014) ................................................ 9

13   <u>Hoffman v. Construction Protective Services, Inc.</u>,
14       293 Fed. Appx. 462 (9th Cir. 2008)..................................................... 10

15   <u>Peabody v. Time Warner Cable, Inc.</u>,
16       Case No. CV 09-6485 AG (RNBx), (Nov. 1, 2010, C.D. Cal.) ........................ 7

17   <u>Price v. Starbucks Corp</u>,
18       Cal. App. 4th 1136 (2011) ............................................................... 9

19   <u>Ruelas v. Costco Wholesale Corporation</u>,
        Case No. 5:14-cv-02474, 2014 WL 4421572 (Sept. 8, 2014, N.D. Cal)....... 7, 11
20

21   <u>Thornhill Publishing Co., Inc. v. GTE Corp.</u>,
        594 F.2d 730 (9th Cir. 1979)............................................................. 5
22

23   STATUTES

24   Cal. Lab. Code § 226 ......................................................................... passim

25   OTHER AUTHORITIES

26   Fed. R. Civ. P. 56 ............................................................................. 5

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   Introduction**

California Labor Code Section 226(a) requires that every employer furnish its employees with wage statements that contain, among other things, the pay period beginning date.  Recognizing that the purpose of the wage statement statute is to provide employees with a document that enables them to verify that they were adequately paid, and seeking to harmonize the wage statement statute with the digital age, both courts and the California Division of Labor Standards Enforcement (the "DLSE") have concluded that electronic wage statements suffice to satisfy Labor Code § 226(a)'s requirements.

During Plaintiff Ilia Derum's brief seven-week employment with Defendant Saks & Company ("Saks"), Saks indisputably provided Plaintiff with electronic wage statements that contained both the beginning and ending dates of every pay period Plaintiff worked.  Nevertheless, on July 15, 2014, Plaintiff filed this putative class action lawsuit against Saks alleging that it violated California Labor Code § 226 because in addition to the electronic wage statement she was furnished, Saks also attached to her hard-copy paychecks a stub that, while containing numerous pieces of information, included the pay period ending date but not the beginning date. Plaintiff's cause of action for violation of Labor Code § 226 and derivative cause of action for penalties under the California Private Attorneys General Act ("PAGA"), Labor Code § 2699 *et seq.*, are predicated solely on this absence of the pay period beginning date on Plaintiff's paycheck stubs.  Because Plaintiff cannot dispute that Saks did, in fact, provide her with wage statements that contained both the beginning and ending dates of each period for which she was paid in full accord with its obligations under Labor Code § 226(a), Plaintiff cannot raise a triable issue of material fact as to either of her two causes of action against Saks, and summary judgment in favor of Saks should be granted as to the entirety of Plaintiff's complaint.

Moreover, even if Plaintiff could show that Saks failed to provide her with

"accurate wage statements" as required by Labor Code § 226, Plaintiff cannot demonstrate that she suffered any injury as a result thereof—a prerequisite to recovery under Labor Code § 226.  To begin with, that Plaintiff received an additional document with information regarding her wages did not injure her; if anything, it benefitted her by providing her with an additional source of information as to her wages.  But, even setting aside her access to electronic wage statements that did contain pay period beginning dates, it is indisputable that as an employee who was paid on a weekly basis, Plaintiff could—through her hard copy paystubs alone and, at most, the use of simple counting back from one week from each pay period end date—readily ascertain the pay period beginning dates.  As such, Plaintiff suffered absolutely no injury on account of the alleged omission of the pay period beginning dates on her hard copy paystubs, she cannot satisfy Section 226's injury requirement, and summary judgment as to Plaintiff's claims is proper on this ground as well.

## II.   Factual Background

Plaintiff was a sales associate at a "Saks Off Fifth" store for Saks.  Undisputed Material Fact ("UF") 1.[1]  Plaintiff began her employment with Saks as an hourly employee on or around May 6, 2014.  Declaration of Maria Rodriguez ("Rodriguez Decl.") at ¶ 3.  At the commencement of her employment, Plaintiff was provided with a new associates orientation.  Rodriguez Decl. at ¶ 3.  During that orientation, Plaintiff received, reviewed, and kept a copy of Saks's Associates Handbook.  UF 2.  That Associates Handbook stated that employees may access their payroll records, including their electronic wage statements on Saks's "Electronic Self Service" ("ESS") website, and further provided a link to that website.  UF 3, 4.  In addition, Saks posted a flyer in the employee break room at Plaintiff's store which provided instructions to Plaintiff and other employees as to what their user identification and

---

[1] For ease of the Court's review, Saks has prepared a separate statement of undisputed material facts, and all evidentiary cites for undisputed material facts are contained in that concurrently filed Separate Statement of Undisputed Material Facts.

1    passwords were.  UF 5.

2           The Associates Handbook also informed Plaintiff that, as an hourly employee,

3    she would be paid every Friday.  Rodriguez Decl. at ¶ 4, Ex. B;  Declaration of

4    Francis S. Lam ("Lam Decl.") at ¶ 9, Ex. B.  Plaintiff was also informed that her pay

5    periods ran from Sunday to the Saturday preceding her pay day.  UF 16.  Accordingly,

6    it is undisputable that Plaintiff received notice that electronic wage statements existed,

7    that she had access to those electronic wage statements, that she knew she was paid

8    weekly on Fridays, and that her pay periods ran from every Sunday to Saturday.

9           In keeping with the realities of the modern digital age, Saks provides all of its

10   employees with wage statements electronically, which enables employees to easily

11   access and retrieve those wage statements at their convenience from any computer,

12   phone, or tablet.  Declaration of Teresa Lowry ("Lowry Decl.") at ¶ 5.  During her

13   brief seven-week employment with Saks, Plaintiff could receive her wages through

14   direct deposit or through hard-copy paychecks.  Lowry Decl. at ¶ 3.  Plaintiff did not

15   opt to receive her wages through direct deposit, so she received her wages through

16   paychecks instead.  Lowry Decl. at ¶ 8.  As a result, at the end of every week, Plaintiff

17   received a paycheck in the mail for her prior week's earnings.  Lowry Decl. at ¶ 8.

18          By virtue of her receipt of hard-copy paychecks, Plaintiff also received, in

19   addition to electronic wage statements, paystubs that were attached to her checks.

20   Lowry Decl. at ¶ 8.  Between May 16, 2014 and June 20, 2014, Plaintiff received six

21   paychecks from Saks.  UF 7.  Those paychecks were dated May 16, 2014, May 23,

22   2014, May 30, 2014, June 6, 2014, June 13, 2014, and June 20, 2014.  UF 8.  The

23   paystubs affixed to those paychecks specified the weekly pay period ending date (UF

24   17) but not the weekly pay period beginning date.[2]  Joint Stipulation of Facts, filed

25   concurrently herewith, at ¶ 3.  However, for each of those pay periods and paychecks,

26

27   [2] Saks' payroll records also show that Plaintiff was issued a paycheck on July 3, 2014,
     and that the July 3, 2014 paycheck contained both the pay period beginning and end
     dates.  Lowry Decl. at ¶ 9.

28

1   Saks also uploaded onto ESS an electronic wage statement that did contain the

2   beginning dates of those pay periods. UF 9, 10. With her access to Saks's ESS

3   system, Plaintiff could view the wage statements and/or print out hard copy versions

4   of her electronic wage statements (either in store or on her own personal computer).

5   UF 11, 12. Moreover, Plaintiff could also request from her store's human resources

6   department or manager a copy of her electronic wage statements at no cost to her. UF

7   12. If Plaintiff had any issues with receiving her electronic wage statements or had

8   any issues with her receipt of wages, her Selling and Serving Manager or any other

9   manager and supervisor at her store could have assisted her. UF 13. Whether Saks

10  violated Labor Code § 226 by providing Plaintiff with an electronic wage statement

11  that contained the pay period beginning date while also providing Plaintiff with an

12  additional paystub that did not contain the pay period beginning date is the sole issue

13  in this case.

14  **III.   Procedural Background**

15      Plaintiff filed this lawsuit on July 15, 2014 in San Diego Superior Court. Lam

16  Decl. at ¶ 2. Plaintiff's original complaint alleged a sole cause of action under

17  California Labor Code § 226 for Saks's alleged failure to provide itemized wage

18  statements that contained the beginning date of the pay period for which its employees

19  were paid wages. Lam Decl. at ¶ 3. Saks then timely removed this action to this

20  Court on August 15, 2014. Lam Decl. at ¶ 4. On October 24, 2014, with leave of the

21  Court, Plaintiff filed a First Amended Complaint ("FAC"). Lam Decl. at ¶ 5. The

22  FAC added a cause of action seeking penalties under the PAGA. Lam Decl. at ¶ 5,

23  Ex. A. Plaintiff's PAGA claim is based solely on her allegations that Saks violated

24  Labor Code § 226 by failing to provide wage statements with the pay period

25  beginning date, and is thus entirely derivative of Plaintiff's Labor Code § 226 claim.

26  UF 18.

27      On October 31, 2014, the parties appeared before the Honorable Magistrate

28  Judge Jill Burkhardt. Lam Decl. at ¶ 7. Judge Burkhardt then issued a scheduling

1   order that required Saks to file its Motion for Summary Judgment on the legal issue

2   concerning its written wage statements by December 19, 2014.  Lam Decl. at ¶ 8.

3   **IV.     Legal Argument**

4           **A.     Legal standard.**

5           Summary judgment is appropriate when the non-moving party "fails to make a

6   showing sufficient to establish the existence of an element essential to the party's

7   case, and on which that party will bear the burden of proof at trial." Celotex Corp. v.

8   Catrett, 477 U.S. 317, 322 (1986).  The non-moving party cannot rest on "mere

9   allegations" to demonstrate the existence of a genuine issue of material fact.  Fed. R.

10  Civ. P. 56(e).  Rather, the non-moving party must demonstrate the existence of

11  sufficient facts to create a genuine issue for trial.  Anderson v. Liberty Lobby, Inc.,

12  477 U.S. 242, 250 (1986).  Conclusory, speculative testimony in affidavits and papers

13  is insufficient to raise genuine issues of fact and defeat summary judgment.  Thornhill

14  Publishing Co., Inc. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979).

15          **B.     There is no triable issue of material facts as to Plaintiff's first cause
               of action for violation of Labor Code § 226.**

16

17                  **1.     Saks is not liable to Plaintiff for violations of Labor Code § 226
                           because Saks provided her with wage statements that did
                           contain pay period beginning dates.**

18

19          Summary judgment on Plaintiff's Labor Code § 226 claim should be granted in

20  favor of Saks because Saks indisputably satisfied Labor Code § 226's requirement that

21  it furnish Plaintiff with accurate itemized statements in writing that contained the

22  beginning dates of the periods for which Plaintiff was paid.  California Labor Code §

23  226 states that "every employer shall, either semi-monthly or at the time of each

24  payment of wages, furnish each of his or her employees . . . an accurate itemized

25  statement in writing showing . . . (6) the inclusive dates of the period for which the

26  employee is paid.[3]  It is well-settled that in lieu of paper statements, employers may

27  ---
    [3] Labor Code § 226 also requires a series of other information to be contained on the
    itemized wage statement.  However, those items of information are not at issue in this
    case, and thus Saks will not discuss them here.

28

furnish employees with electronic wage statements to satisfy its Labor Code § 226 obligations.  See Apodaca v. Costco Wholesale Corp., No. CV12-5664 DSF (Ex), 2014 WL 2533427, *2-3 (C.D. Cal. Jun. 5, 2014) (". . . the provision of an electronic wage statement in lieu of a paper statement violates Section 226(a) only if Apodaca could not easily access the wage statements and easily convert the statements into hard copies") (internal quotations omitted).

Here, Saks undoubtedly furnished Plaintiff with electronic wage statements that contained the information Plaintiff claims was missing.  UF 9, 10.  Saks posted those electronic wage statements on its ESS website, and provided Plaintiff with instructions for and easy access to those electronic wage statements.  UF 2-9.  Plaintiff indisputably could have accessed and obtained those electronic wage statements, either on her own through use of Saks's ESS system, or through her store's managers and human resources department.  UF 11-13.  Thus, Saks did furnish Plaintiff with wage statements containing the inclusive pay period dates in accordance with the requirements of Labor Code § 226, and Plaintiff's Labor Code § 226 claim is without merit.

The mere fact that Plaintiff also received an additional detachable paystub to her paychecks that did not contain the beginning date of the pay periods does not negate the fact that Saks provided her with wage statements that had the pay period beginning date (thereby satisfying its obligations under Labor Code § 226 to do so) or otherwise render Saks in violation of Labor Code § 226.  First, Labor Code § 226(a) plainly states that an employer "shall . . . furnish . . . an accurate itemized statement in writing . . . ."  A violation of Labor Code § 226 thus only occurs when an employer fails to furnish an accurate itemized statement; not when an employer merely provides one that is inaccurate.  Liability attaches only upon the failure to act, not the act of doing something else.

Second, multiple district courts in California have agreed that an employer satisfies Labor Code § 226 so long as it provides a compliant wage statement, even if

1    the actual paystubs attached to its paychecks did not contain all the information

2    required by Labor Code § 226.  For example, in the recent case of <u>Ruelas v. Costco</u>

3    <u>Wholesale Corporation</u>, Case No. 5:14-cv-02474, 2014 WL 4421572, at *2 (Sept. 8,

4    2014, N.D. Cal), the District Court dismissed the plaintiff's Labor Code § 226 claim

5    despite the fact that the detachable portion of the plaintiff's paycheck failed to state

6    his name and, like the paystubs at issue in this case, the first day of the pay period.

7    The District Court held that the California Labor Commissioner has confirmed that the

8    use of detachable paystubs as an itemized wage statement is no longer necessary, and

9    that employers may use other forms of writing to provide compliant wage statements.

10    <u>Id.</u>  The District Court then held that because the employer had provided a separate

11    wage statement that listed out the employee's name and the first day of the pay period,

12    the employer had satisfied Labor Code § 226's requirements.  <u>Id.</u> ("Because Ruelas

13    received a compliant wage statement, he fails to state a claim for injury under Section

14    226(a)").

15         Likewise, in <u>Peabody v. Time Warner Cable, Inc.</u>, Case No. CV 09-6485 AG

16    (RNBx) at 7:14-16 (Nov. 1, 2010, C.D. Cal.), the plaintiff alleged that her employer

17    issued her defective wage statements because the paystubs she received failed to list

18    her hours worked and the name of the employer—specifically, that it listed Time

19    Warner Shared Services" instead of "Time Warner Entertainment."  <u>See</u> Request for

20    Judicial Notice ("RJN"), filed concurrently herewith, Ex. A. at 23:12-18.  The District

21    Court, however, nevertheless granted the employer summary judgment as to the

22    plaintiff's Labor Code § 226 claim because the "[p]laintiff's online wage statements

23    identified Time Warner Entertainment as her employer."  <u>See</u> RJN, Ex. B at 7:17-20.

24    Collectively, these cases confirm that liability under Labor Code § 226 is based not on

25    the furnishing of an incomplete or even inaccurate paystub, but the failure to furnish a

26    complete and accurate wage statement.  Here, since Plaintiff's electronic wage

27    statements contained the pay period beginning dates, and she indisputably had access

28    to those electronic wage statements, Plaintiff cannot raise a triable issue of material

fact as to whether Saks violated Labor Code § 226, regardless of whether her detachable paystubs failed to contain the pay period beginning dates. Accordingly, summary judgment in favor of Saks should be granted as to Plaintiff's first cause of action for violation of Labor Code § 226.[4]

### 2. Plaintiff cannot recover under Labor Code § 226 because she cannot demonstrate that she suffered any injury.

Even if the hard-copy paystubs received by Plaintiff were "inaccurate" because they did not contain the beginning dates of the pay periods, and such an omission did violate Labor Code § 226 (which it does not), summary judgment should still be granted in favor of Saks because Plaintiff has no evidence, and thus cannot raise a triable issue of material fact, as to whether she actually suffered an injury. An employee may recover under Labor Code § 226 only where she suffered an actual injury as a result of an employer's violation of Section 226(a). Labor Code § 226(e)(1) (emphasis added). Plaintiff indisputably obtained a wage statement that contained her pay period beginning date, and cannot claim that she suffered injury. The mere fact that she obtained an additional document setting forth information about her wages does not mean she suffered any injury on account of an inaccurate or incomplete wage statement. If that were the case, any time an employer provides an employee with an additional payroll document that does not contain all the information set forth in Labor Code § 226(a) along with the check or direct deposit statement, the employer would be deemed to violate Labor Code § 226.

Moreover, an employee does not "suffer injury" simply because one of the nine itemized requirements is missing. See Gunawan v. Howroyd-Wright Employment Agency, 997 F. Supp. 2d 1058, 1066 (C.D. Cal. 2014). In 2013, the California

---

[4] It should be noted that even if an employer violates Labor Code § 226 by simply providing an inaccurate wage statement, Saks did not provide Plaintiff with an inaccurate wage statement. The paystubs attached to Plaintiff's paychecks did not contain inaccurate information. They did not, for example, misstate the number of hours she worked, or contain information that conflicted with the information set forth in her electronic wage statements. Thus, the mere omission in Plaintiff's paystubs of the pay period beginning date does not give rise to a violation of Labor Code § 226.

1   Legislature amended Labor Code § 226 to state that an employee is deemed to suffer

2   injury for purposes of subdivision (e) if the employer fails to provide accurate and

3   complete information as required by Section 226(a) **and** the employee cannot

4   promptly and easily determine from the wage statement alone one or more of the

5   following: (i) the amount of gross wages or net wages paid to the employee during the

6   pay period or any of the other information required to be provided on the itemized

7   wage statement pursuant to items (2) to (4), (6), and (9) of subdivision (a); (ii) which

8   deductions the employer made from gross wages to determine the net wages paid to

9   the employee during the pay period; (iii) the name and address of the employer . . . ;

10   and (iv) the name of the employee and only the last four digits of his or her social

11   security number or an employee identification number.

12        Here, Plaintiff's weekly pay periods ended every Saturday, she was paid on a

13   weekly basis, and she undoubtedly knew that she was paid on a weekly basis based on

14   her own receipt of her paychecks as well as information provided to her by Saks

15   during orientation and in her employee handbook.  UF 14, 15.  The paystubs attached

16   to her paychecks also stated the pay period ending date.  UF 17.  Thus, from just the

17   paystubs alone, Plaintiff could readily identify and ascertain the pay period beginning

18   date by simply counting backwards seven days from the pay period ending date that

19   was on the paystub.  At most, simple math is required, and as such Plaintiff cannot

20   show that she suffered any damages by the omission of the pay period beginning date

21   on her paystubs.  See Price v. Starbucks Corp, Cal. App. 4th 1136,1142-44 (2011)

22   (holding that employee did not state a cognizable injury under Labor Code § 226

23   because his alleged need to add up his overtime and regular hours on his wage

24   statements to ascertain his total hours worked is not the type of mathematical injury

25   that satisfies Labor Code § 226 injury requirement); see also Alonzo v. Maximus, Inc.,

26   832 F. Supp. 2d 1122, 1135-1136 (C.D. Cal. 2011) (granting summary judgment in

27   favor of employer on claim that wage statements did not contain hourly rate of pay

28   and pay period inclusive dates because the plaintiffs were simply required to perform

1    "simple math" and have not identified any independent injury precipitated by the

2    defendant's failure to list the inclusive dates of the pay period).  Accordingly, Plaintiff

3    cannot show that she has suffered injury as a result of the paystubs that did not contain

4    the pay period beginning date.

       **3.**     **Plaintiff cannot demonstrate that any failure to include pay**
5                   **period beginning dates in her paystubs was knowing and**
6                   **intentional as required by Labor Code § 226.**

7          Even if Saks violated Labor Code § 226 by issuing hard copy paystubs that did

8    not include the beginning pay period date, summary judgment on Plaintiff's Labor

9    Code § 226 claim is also proper if there is no evidence that Saks's omission of the pay

10    period beginning date was knowing and intentional.  <u>See</u> Labor Code § 226(e)(1); <u>see</u>

11    <u>also</u> <u>Hoffman v. Construction Protective Services, Inc.</u>, 293 Fed. Appx. 462, 463 (9th

12    Cir. 2008) (affirming district court's granting judgment as a matter of law on

13    employees' Labor Code §226 because "the record contains no evidence that any

14    violation of § 226 was knowing and intentional").  Here, Saks included the pay period

15    beginning dates on its wage statements and advised Plaintiff in numerous ways how to

16    easily access those statements.  UF 2-5, 9, 10.  Thus, the omission of pay period

17    beginning dates on hard-copy paystubs does not qualify as a willful and intentional

18    violation of Labor Code § 226.  Accordingly, summary judgment in favor of Saks

19    should be granted as to Plaintiff's Labor Code § 226 claim for the independent reason

20    that there was no knowing and intentional violation by Saks.

       **C.**     **Plaintiff cannot raise a triable issue of material fact as to whether**
21                 **Saks is liable for penalties under the Private Attorneys' General Act.**

22          Plaintiff's second cause of action seeking penalties under the California Private

23    Attorneys General Act also fails as a matter of law because it is predicated solely on

24    Plaintiff's assertion that Saks violated Labor Code § 226 by not providing wage

25    statements with the pay period beginning date.  UF 18.  Since Saks furnished Plaintiff

26    with wage statements that contained the pay period beginning date, and thus did not

27    violate Labor Code § 226 as alleged by Plaintiff, and Plaintiff cannot raise a triable

28

1  issue of material fact as to whether she suffered any injury or the omission of the pay

2  period beginning date was knowing and intentional, Plaintiff's derivative PAGA claim

3  fails as well and summary judgment in favor of Saks is appropriate.   <u>Ruelas</u>, 2014

4  WL 4421572 at *2 ("Because Costco provided a compliant wage statement, Ruelas

5  also does not state a claim for inadequate wage statement penalties under [the Private

6  Attorneys General Act]").

7  **V.    Conclusion**

8          For all of the reasons stated above, Saks respectfully submits that the Court

9  should grant summary judgment as to the first cause of action for violation of Labor

10  Code § 226 and second cause of action for penalties under the California Labor Code

11  §§ 2699 *et seq*. (the Private Attorney General Act).

12

13  Dated:  December 19, 2014

                                         SIDLEY AUSTIN LLP

14

15

16                                       By:          /s/ Francis Lam
                                              Jennifer B. Zargarof, SBN 204382
17                                            jzargarof@sidley.com
                                              Francis S. Lam, SBN 279076
18                                            flam@sidley.com
                                              Attorneys for Defendant
19                                            SAKS & COMPANY

20

21

22

23

24

25

26

27

28