Alisa A. Martin CA Bar No. 224037
alisa@amartinlaw.com
AMARTIN LAW
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: 619.308.6880
Facsimile: 619.308.6881

Attorneys for Plaintiff
ILIA DERUM

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ILIA DERUM, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

SAKS & COMPANY, a New York corporation, and DOES 1- 20, inclusive,

Defendants.

Case No. 14-cv-1921-JM (JLB)

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Date: November 16, 2015
Time: 10:00 a.m.
Ctrm: 5D
Judge: Hon. Jeffrey T. Miller

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. BACKGROUND ........ 1

A. Complaints and Answer ........ 1

B. Discovery ........ 2

C. Early Summary Judgment Motion ........ 2

D. Settlement Conference and Negotiations ........ 2

E. Preliminarily Approved Settlement Terms ........ 2

F. Provisional Certified Class ........ 3

III. EVENTS AFTER PRELIMINARY APPROVAL HEARING ........ 4

A. Class Notice Dissemination ........ 4

B. Response to Class Notice ........ 4

IV. CLASS RECOVERY ........ 4

V. THIS COURT ALREADY FOUND THE SETTLEMENT TO BE FAIR, REASONABLE AND ADEQUATE WHEN GRANTING PRELIMINARY APPROVAL; NOTHING UNDERMINES THAT FINDING ........ 6

A. The Law Favors Settlement ........ 6

B. The Approval Process ........ 7

C. As Previously Found, the Settlement Resulted From Non-Collusive, Arms-Length Negotiations ........ 7

D. As Previously Found, the Settlement is Supported By Appropriate Investigative Efforts ........ 8

E. As Previously Found, the Settlement Suffers From No Obvious Deficiencies ........ 8

F. As Previously Found, the Requested Incentive Payment Is Reasonable ........ 8

G. As Previously Found, the Requested Attorney's Fees and Costs Are Reasonable ........ 9

H. As Previously Found, Class Counsel is Experienced in Similar Litigation ........ 9

VI. THE SETTLEMENT ADMINISTRATOR'S REQUESTED EXPENSES ARE REASONABLE AND APPROPRIATE ........ 10

VII. THIS COURT SHOULD CONTINUE TO FIND THE SETTLEMENT TO BE FAIR, REASONABLE AND ADEQUATE AND GRANT FINAL APPROVAL ........ 11

# TABLE OF AUTHORITIES

**Cases**

*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794 ........ 11

*In Re HP Laser Printer Litig.*, No. SACV 07-0667 AG (RNBx), 2011 WL 3861703 ........ 8

*In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ........ 6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-1827 SI, 2011 WL 7575003 ........ 9

*In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Pracs. Litig.*, No. 5:09-md-02015 JF, 2011 WL 1877630 ........ 9

*Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615 (9th Cir. 1982) ........ 6

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 ........ 8

*Singer v. Becton Dickinson and Co.*, 08-cv-821-IEG (BLM), 2010 WL 2196104 ........ 9

*Young v. Polo Retail, LLC*, No. C-02-4546 VRW, 2006 WL 3050861 ........ 7

**Other Authorities**

California Labor Code § 226 ........ 1, 2

California Labor Code § 226(a)(6) ........ 1

California's Private Attorneys General Act Labor Code 2699........ 2

Manual for Complex Litigation, (Fourth)........ 7

## I. INTRODUCTION

Plaintiff Ilia Derum seeks final approval of a $360,000 claims-made settlement covering a one-year class period for a 268 member class, defined as: *All current and former Saks & Company employees who worked at a California "Saks Off Fifth" store and received a hard copy wage statement at any time between July 14, 2013 and July 2, 2014*. Derum sued her former employer, Saks & Company, L.L.C. ("Saks"), for violating California Labor Code § 226(a)(6) by not providing hard copy wage statements that contained the beginning pay period dates for which employees were paid wages.

On August 4, 2015, this Court preliminarily approved this settlement as fair, adequate, and reasonable, and provisionally certified the proposed class. Nothing changed about the settlement to undermine the Court's findings. The court-appointed Administrator notified the class about the settlement via direct mail. Out of 268 class members, 103 submitted a claim under the settlement, which equates to a total class participation rate of 38.4%. Because the settlement has a 75% floor, the participating class members will receive a larger settlement amount than stated in the Class Notice. No one objected to the settlement and only one class member opted out of the settlement. The Court should finally approval the settlement.[1]

## II. BACKGROUND

### A. Complaints and Answer

Derum alleges that Saks violated California Labor Code § 226 by providing hard copy wage statements that did not contain the beginning pay period dates for which the employees were paid wages. On July 15, 2014, Derum filed a class action complaint against Saks in the San Diego County Superior Court, alleging a cause of action for failure to provide complete wage statements in violation of California Labor Code § 226(a)(6). On July 24, 2014, Saks answered the complaint by denying all allegations and removing the lawsuit to the United States District Court, Southern District of California

[1] Declaration of Alisa A. Martin (Martin Decl.) ¶ 2, Ex. 1, Settlement Agreement.

under the Class Action Fairness Act. And on October 24, 2014, Derum amended the complaint to assert a cause of action under California's Private Attorneys General Act ("PAGA") Labor Code 2699 *et seq*., seeking to recover both statutory and civil penalties.[2]

**B. Discovery**

Class Counsel conducted discovery and research before and after filing the complaint. Discovery included information regarding the number of class members, policies and procedures, and data regarding the number of hard copy wage statements issued to the class. Class Counsel reviewed this information, as well as other documents obtained through an independent investigation.[3]

**C. Early Summary Judgment Motion**

Saks filed an early motion for summary judgment to resolve a threshold legal issue: whether Saks violated California Labor Code § 226 by providing hard copy wage statements that did not include the period beginning dates when Saks made electronic wage statements available that did contain the period beginning dates.[4] The Court denied Saks' motion for summary judgment.[5]

**D. Settlement Conference and Negotiations**

On May 14, 2015, the Parties mediated their dispute with United States Magistrate Judge Jill L. Burkhardt. With Magistrate Burkhardt's assistance, the Parties reached an agreement as to key settlement terms. Thereafter, the Parties continued negotiating and eventually executed the Settlement agreement.[6]

**E. Preliminarily Approved Settlement Terms**

The settlement amount is $360,000 ("Gross Settlement Amount") on a claims-made basis with a 75% floor, meaning Saks must pay out a minimum of 75% of the Net

---

[2] Martin Decl., ¶ 3.

[3] Martin Decl., ¶ 4.

[4] Dkt. 15, Joint Stipulation of Facts; Martin Decl., ¶ 5.

[5] Dkt 26; Martin Decl., ¶ 5.

[6] Martin Decl., ¶ 6.

Settlement Amount. This amount is based on a class size of 268 members.[7] The Gross Settlement Amount includes all court-awarded attorney's fees and costs, administrative costs, incentive award, and the LWDA payment. Saks must pay the Gross Settlement Amount into an escrow account administered by the court-appointed administrator, ILYM Group, Inc. in one payment. Saks must make this payment within 17 calendar days from the date of the Court's order granting final approval of the settlement.[8]

Subject to court approval, the court-appointed administrator will distribute funds paid into the escrow account as follows:

- Class Representative's Incentive Award in the amount of $10,000; [9]
- Class Counsel's fees in the amount of $119,988, plus costs up to $7,500.[10]
- Administration costs in the amount of $6,750;[11]
- The Private Attorney General Act penalties to the California Labor and Workforce Development Agency in the amount of $2,812.50;[12]
- The employer's portion of payroll taxes on the settlement amounts paid to class members; and
- The participating class members' settlement shares.

**F. Provisional Certified Class**

On August 4, 2015, this Court preliminarily approved this settlement as fair, adequate, and reasonable and provisionally certified the following class: *All current and former Saks & Company employees who worked at a California "Saks Off Fifth" store and received a hard copy wage statement at any time between July 14, 2013 and July 2, 2014.*

---

[7] Martin Decl., Ex. 1, ¶ III(A)(2).
[8] Martin Decl., Ex. 1, ¶¶ I(T) and V.
[9] Martin Decl., Ex. 1, ¶ VI(B).
[10] Martin Decl., Ex. 1, ¶ VI(C).
[11] Martin Decl., Ex. 1, ¶ VI(D).
[12] Martin Decl., Ex. 1, ¶ VI(D).

## III. EVENTS AFTER PRELIMINARY APPROVAL HEARING

### A. Class Notice Dissemination

Class Counsel retained a neutral third party administrator, ILYM Group, Inc., to administer the notice process. Defense counsel sent ILYM Group a list containing the class members' names, last known addresses, social security numbers, and number of wage statements received during the class period. ILYM Group updated the class members' addresses using the U.S. Postal Service's National Change of Address Database.[13]

After updating the list, on August 24, 2015, ILYM Group sent the court-approved notices to 268 class members via first class mail. ILYM Group performed address traces on undeliverable packets and re-sent the packets with updated addresses via first class mail. Only 10 packets remained undeliverable because ILYM Group could not find a deliverable address.[14]

### B. Response to Class Notice

To receive money from the settlement, class members were required to submit a claim.[15] Out of 268 class members, 103 submitted a claim under the settlement, which equates to a total class participation rate of 38.4%. Only one class member opted out of the settlement and no one objected to the settlement.[16]

## IV. CLASS RECOVERY

The settlement requires class members to submit a claim to receive compensation. Approximately $216,444.03 will be available for distribution to non-opt out class members who submitted valid claim forms. That amount was calculated as follows:

[13] Declaration of Elizabeth DiTirro Decl. ("DiTirro Decl."), ¶¶ 3-5.

[14] DiTirro Decl., ¶¶ 6-8.

[15] Martin Decl. Ex. 1, ¶ XI(B).

[16] DiTirro Decl., ¶¶ 9-11.

| Gross Settlement Amount ($360,000) | - | Incentive Award ($10,000)<br>Class Counsel Fees ($119,988)<br>Class Counsel Costs ($4,005.47)<br>Administrative Costs ($6,750)<br>LWDA Payment ($2,812.50) | = | Net Settlement Amount (approx. $216,444.03) |
|---|---|---|---|---|

One hundred and three class members submitted claims. The total amount claimed by the participating class members is approximately $122,261.63 with an additional $40,071.39 being redistributed to meet the Settlement Floor (75% of the Net Settlement Amount). The remaining $54,111.01 of the Net Settlement Amount will revert back to Saks due to the Settlement Floor being met. The individual settlement payments will be significant.

| Highest Payment | Lowest Payment | Average Payment |
|---|---|---|
| $4,401.37 | $86.30 | $1,576.05 |

The highest individual settlement payment to be paid will be approximately $4,401.37, and the lowest individual settlement payment to be paid will be approximately $86.30, with the average individual settlement payment being approximately $1,576.05, without applicable taxes, withholdings, and employee garnishments.[17] This recovery is significant given that the compensation represents statutory and civil penalties covering a one-year class period (i.e. July 14, 2013 to July 2, 2014). Plus, 100% of the settlement share will represent interest and penalties, which will be reported on a Form 1099. [18]

[17] DiTirro Decl., ¶ 15.

[18] Martin Decl., ¶ 7.

Participating class members will have 90 calendar days to cash their settlement checks. All uncashed settlement checks will be deposited in the class members' name with California's State Controller's Office for Unclaimed Property.[19]

Thus, the settlement is fair, reasonable, and in the class' best interests, particularly after balancing the proposed settlement terms against the probable outcome of liability, the untested issues, the range of recovery at trial, and the likelihood of collection of any recovery at trial, along with considering: the prospect of an adverse ruling on class certification; the difficulties of complex litigation; individual issues; and possible delays and appeals. Class Counsel also considered Saks' opposing arguments, supporting evidence, and case law.[20]

## V. THIS COURT ALREADY FOUND THE SETTLEMENT TO BE FAIR, REASONABLE AND ADEQUATE WHEN GRANTING PRELIMINARY APPROVAL; NOTHING UNDERMINES THAT FINDING

### A. The Law Favors Settlement

Courts prefer that class action settlements are resolved via settlements to conserve resources and avoid prolonged litigation.[21] Indeed, the preference for settlement is evident in the Federal Rules of Civil Procedure themselves.[22] Policies favoring settlement apply with particular force in this case, where 268 current and former California employees allege that they did not receive hard copy wage statements that included the pay period beginning dates. Given the very high costs of litigating a wage-and-hour case against a well-funded company, class members would have difficulty pursuing their claims individually. Plus, individual lawsuits would clog the courts and take years to resolve. The proposed settlement is the best and only means to ensure that all class members receive

[19] Martin Decl., Ex. 1, ¶ VIII(B).

[20] Martin Decl., ¶ 8.

[21] *See Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), cert. denied, 459 U.S. 1217 (1983)("[V]oluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation.").

[22] *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

prompt and efficient relief.

**B. The Approval Process**

Court approval of class action settlements is a two-step process: preliminary approval and final approval.[23] The Court already completed the first step by preliminarily approving the settlement after determining the settlement terms were fair, reasonable, and adequate. As required in the preliminary approval analysis, this Court preliminarily determined that the settlement did not result from fraud, overreaching, or collusion, but instead from serious, informed, non-collusive negotiations. The Court further determined that the settlement had no obvious deficiencies, did not grant preferential treatment to the class representative or segments of the class, and fell within the range of possible approval.[24] And the Court determined Class Counsel was experienced and conducted sufficient investigation and discovery to act intelligently.[25] These factors remain satisfied.

Now the Court must complete the second step by considering arguments for and in opposition to the settlement's approval, including class members' comments in response to the class notice. The fairness hearing is not "a trial or rehearsal for trial on the merits."[26] Courts must limit their inquiry to whether the settlement resulted from fraud or overreaching by the parties, and whether the settlement, remains fair, reasonable and adequate to all concerned.[27]

**C. As Previously Found, the Settlement Resulted From Non-Collusive, Arms-Length Negotiations**

There is no collusion between the parties. The parties reached a settlement after participating in a settlement conference with Magistrate Burkhardt who oversaw and

[23] Manual for Complex Litigation, (Fourth) ("MCL 4th") § 21.632 (2004).

[24] *See Young v. Polo Retail, LLC*, No. C-02-4546 VRW, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006) (citing Manual for Complex Litigation, § 30.44 (2nd ed. 1985)).

[25] *See* Alba Conte & Herbert B. Newberg, 2 Newberg on Class Actions, § 11.41(4th ed. 2002).

[26] *Officers for Justice*, 688 F.3d at 625.

[27] *Id*.

assisted with the settlement negotiations. Magistrate Burkhardt's involvement evidences that the negotiations were non-collusive.[28]

### D. As Previously Found, the Settlement is Supported By Appropriate Investigative Efforts

As discussed above and in the preliminary approval papers, Class Counsel engaged in focused and thorough discovery. Class Counsel's investigation includes: propounding formal and informal discovery; conducting online research; preparing a damages model based upon the information gathered; and reviewing and analyzing documents produced by the Saks and Derum.[29]

### E. As Previously Found, the Settlement Suffers From No Obvious Deficiencies

The settlement has no "obvious deficiencies" and confers substantial benefits to class members. 268 members will receive monetary compensation for a technical wage statement violation. Given the relief and uncertainties of protracted litigation, the settlement is well within the range of possible approval.

### F. As Previously Found, the Requested Incentive Payment Is Reasonable

Incentive awards are expected in class action settlements. As the Ninth Circuit has observed:

> Incentive awards are fairly typical in class action cases. Such awards are discretionary, and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general. Awards are generally sought after a settlement or verdict has been achieved.[30]

---

[28] *See, e.g., In Re HP Laser Printer Litig.*, No. SACV 07-0667 AG (RNBx), 2011 WL 3861703, at *4 (C.D. Cal. Aug 31, 2011) (finding the fact that the parties appeared before a neutral third party mediator evidence supporting a finding that there was no collusion between the parties in reaching settlement).

[29] Martin Decl., ¶ 4.

[30] *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009).

The $10,000 because, among other things, she took the initiative to be named in this lawsuit, particularly while — at the time — employed at Saks, assisted in the case investigations and preparing discovery, consulted with counsel, located key documents, accepted substantial personal risks and responsibilities, and made sacrifices on the class' behalf, including agreeing to a general release, as set forth in the declaration filed in support of the motion for attorneys' fees, costs and incentive award. The requested amount is reasonable and well within the range of awards granted in class actions.[31]

**G. As Previously Found, the Requested Attorney's Fees and Costs Are Reasonable**

Class Counsel separately moved for attorneys' fees, costs, and incentive award. As discussed in that motion, Class Counsel's fees and costs are reasonable.

**H. As Previously Found, Class Counsel is Experienced in Similar Litigation**

Class Counsel is well respected and specializes in wage-and-hour and consumer class actions. Class Counsel prosecuted numerous wage-and-hour class actions involving California Labor Code violations both in state and federal court.[32] Class Counsel competently evaluated the claims on a fully informed basis. Given the risks inherent in litigation and the defenses asserted, this settlement is in the class' best interest. Likewise, Saks counsel is well versed in complex class action and is highly qualified. Accordingly, the parties are well suited to make informed judgments about the settlement.

/ / /

/ / /

[31] *See, e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-1827 SI, 2011 WL 7575003, at *2 (N.D. Cal. Dec. 27, 2011) (approving $15,000 incentive awards for 11 class representatives "in recognition of their work performed for the benefit of the Class and risks undertaken"); *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Pracs. Litig.*, No. 5:09-md-02015 JF, 2011 WL 1877630, at *7 (N.D. Cal. May 17, 2011) (approving class representative incentive awards ranging from $5,000 to $14,250 each); *Singer v. Becton Dickinson and Co.*, No. 08-cv-821-IEG (BLM), 2010 WL 2196104, at *9 (S.D. Cal. June 1, 2010) (finding class representative award of $25,000 reasonable).

[32] *See* Declaration of Alisa A. Martin submitted in support of concurrently filed motion for attorney's fees, costs, and incentive award.

## VI. THE SETTLEMENT ADMINISTRATOR'S REQUESTED EXPENSES ARE REASONABLE AND APPROPRIATE

Derum retained ILYM Group, Inc. to administer the notice process. ILYM Group' duties included among other things: (a) printing and mailing the *Notice of Pendency of Class Action Settlement*, *Claim Form* and *Request for Exclusion Form*; (b) conducting address traces to locate Class Members as necessary; (c) responding to Class Member inquiries; (d) calculating and distributing the amounts due to Class Members pursuant to the Settlement; (e) tax reporting in connection with the Settlement; and (f) any other duties necessary for administration of the Settlement.[33] ILYM Group incurred $6,750 in costs associated with administrating the settlement. This includes all costs incurred to date, as well as estimated costs involved in completing the settlement administration.[34] These expenses are reasonable and appropriate and well within the range for similarly sized settlement classes. Class Counsel requests that the Court find these expenses to be appropriate and award ILYM Group its expenses.

/ / /

/ / /

/ / /

---

[33] DiTirro Decl., ¶ 3.

[34] DiTirro Decl., ¶ 16.

## VII. THIS COURT SHOULD CONTINUE TO FIND THE SETTLEMENT TO BE FAIR, REASONABLE AND ADEQUATE AND GRANT FINAL APPROVAL

This Court already found the settlement is fair, reasonable and adequate when it preliminarily approved it. This Court must now evaluate whether the class agrees with its findings. The Court must presume that class members agree with the Court if the percentage of objectors is small.[35] The class received notice. No one objected to the settlement and only one class member opted out. Thus, Derum respectfully requests this Court grant this motion in its entirety and consistent with the [Proposed] Order submitted herewith.

Dated: November 2, 2015

**AMARTIN LAW, P.C.**

By: */s/ Alisa A. Martin*

Alisa A. Martin (CA224037)
600 West Broadway, Suite 700
San Diego, California 92101
Telephone: (619) 308-6880
Facsimile: (619) 308-6881
alisa@amartinlaw.com

Attorneys for Plaintiff and the Class

[35] *Dunk v. Ford Motor Co.*, 48 Cal.App.4th 1794, 1802 (1996).