## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILIA DERUM, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAKS & COMPANY, a New York corporation, and DOES 1-20, inclusive,<br><br>Defendant. | Case No.: 14cv1921 JM(JLB)<br><br>**ORDER GRANTING (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) REQUEST FOR CLASS REPRESENTATIVE INCENTIVE PAYMENT; (3) REQUEST FOR ATTORNEY'S FEES AND COSTS; (4) REQUEST FOR CLAIM ADMINISTATION EXPENSES; AND (5) REQUEST FOR ENTRY OF FINAL JUDGMENT** |

**RECITALS:**

**1.** On August 4, 2015, this court granted preliminary approval of the class action settlement and provisional class certification.  (Doc. No. 43).

**2.** This court reviewed the settlement agreement and the unopposed motions for (1) final approval of class action settlement and request for an award of claims administration expenses, and (2) award of attorney's fees and costs and class representative incentive payment.  This court reviewed and considered the papers filed in connection with this motion, including the supporting declarations.

**3.** Based on this review and the findings below, the court finds good cause to

grant the motions.

**FINDINGS:**

**4.** The Settlement Agreement is fair, reasonable, and adequate, and within the range of reasonableness. In reaching this conclusion, the court considered the factors that the Ninth Circuit considers relevant to an evaluation of a proposed settlement, including: (1) the strength of the plaintiff's case; (2) the risk and expense of further litigation; (3) the risk of maintaining class action status; (4) the benefits afforded by the settlement; (5) the procedural status of the litigation, including discovery; (6) the experience and views of counsel; and (7) the reaction of the class to the proposed settlement.

**5.** The parties adequately performed their obligations under the settlement and entered into the settlement in good faith. The Settlement Agreement is the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to the proposed class representative or anyone in the class, and falls within the range of possible approval.

**6.** For the purposes of settlement only, Plaintiff has satisfied each of the Rule 23(a) prerequisites: (1) the settlement class is so numerous that joinder of all settlement class members is impracticable; (2) there are questions of law and fact common to the settlement class that predominate over any individual questions; (3) the claims of Plaintiff are typical of the claims of the class; and (4) Plaintiff has fully and fairly represented the class' interests. Plaintiff has also satisfied Rule 23(b)(3). Questions of law and fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other means of adjudicating this controversy, where the settlement class members share a common legal and factual grievance arising from their wage statements not including the beginning pay period date.

**7.** Class Notice was provided to the class in compliance with the settlement and due process. The notice: (a) fully and accurately informed members about the lawsuit and the settlement; (b) provided sufficient information so that members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or

object to the proposed settlement; (c) provided procedures for members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provided the final fairness hearing's time, date, and location.

8. Class Counsel Alisa A. Martin of AMartin Law PC adequately represented the class' interests, conferred a benefit on absent class members, expended efforts to secure the benefit, and thus is entitled to fees and costs.

9. Class Representative Ilia Derum initiated the lawsuit, worked on the lawsuit, undertook the risks associated with litigation, conferred a benefit on absent class members, and otherwise adequately represented the class' interests, and thus is entitled to an incentive award.

10. The designated Administrator ILYM Group, Inc. rendered services and will continue to render services in connection with administering the claims and settlement process, and thus is entitled to fees and costs.

**IT IS ORDERED THAT:**

11. **Class.**  The court certifies the following class:

    All current and former Saks & Company employees who worked at a California "Saks Off Fifth" store and received a hard copy wage statement at any time between July 14, 2013 and July 2, 2014.

12. **Excluded Class Members**.  Excluded from the settlement are those persons who have submitted valid and timely exclusion requests.  The following individual opted out of the Settlement:  Rachael L. Ortega.

13. **Release**.  Plaintiff and all class members who did not properly opt out from the settlement are deemed to have released Defendant and its related entities from all claims released under the Settlement Agreement.

14. **Settlement Amount.**  Defendant was obligated to pay up to $360,000 under the Settlement Agreement.  Based on the claims information provided by the court-

approved Administrator, Defendant will pay a total of $305,888.99 (representing payments to the class at the 75% floor and the sums listed below) into an escrow account administered by the Administrator within 17 calendar days from the entry of the Final Approval Order.

**15. Distribution of Settlement Amount**. The Administrator will make payments from the Gross Settlement Amount as defined and provided in the Settlement Agreement.

**16. Attorney's Costs.** The court awards Class Counsel Alisa A. Martin of AMartin Law PC $4,005.47 in costs to be paid no later than 14 calendar days after the Effective Date (as defined under the Settlement Agreement).

**17. Attorney's Fees.** The court awards Class Counsel Alisa A. Martin of AMartin Law PC $119,988.00 in fees to be paid no later than 14 calendar days after the Effective Date (as defined under the Settlement Agreement).

**18. Incentive Award.** The court awards Ilia Derum a $10,000 incentive award to be paid no later than 14 calendar days after the Effective Date (as defined under the Settlement Agreement).

**19. PAGA Payment**. The court awards the California Labor and Workforce Development Agency $2,812.50 as PAGA penalties.

**20. Administrator's Costs.** The court awards the Administrator ILYM Group, Inc. $6,750 in fees and costs.

**21. No Admission.** Nothing in this Order, the Settlement, or the Settlement Agreement may be construed as an admission or concession on any point of fact or law by or against any party.

**22. Entry of Judgment.** This court hereby enters a judgment of dismissal, pursuant to Fed. R. Civ. P. 54(b) of the claims by the settlement class members, with prejudice and without costs, except as specified herein. The clerk of court is instructed to close the file.

**23. Jurisdiction.** Without in any way affecting the finality of this order, the

1 court hereby retains jurisdiction over the parties to the Settlement Agreement, including
2 all settlement class members and class counsel, to construe and enforce the Settlement
3 Agreement.

      IT IS SO ORDERED.

DATED: December 3, 2015

JEFFREY T. MILLER
United States District Judge